**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DANIEL SANCHEZ-MONTIEL,<br><br>  Defendant. | **No. 09-CR-4062-DEO**<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA AND SCHEDULING SENTENCING HEARING** |

_____

## I. INTRODUCTION AND BACKGROUND

On December 16, 2009, a one Count Indictment (Docket No. 2, 12/16/2009) was returned against defendant Daniel Sanchez-Montiel. Count 1 of that Indictment charges that on or about November 9, 2009, in the Northern District of Iowa, defendant Daniel Sanchez-Montiel, an alien, was found in the United States after having been removed from the United States. Defendant had been removed on or about June 23, 1995, and had not obtained the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Section 202(3) and (4) and Section 557), to reapply for admission to the United States.

Defendant's removal was subsequent to a conviction for an aggravated felony offense, to wit:

> On or about June 20, 2000, Daniel Sanchez-Montiel was convicted of illegal re-entry after deportation and false claim of citizenship, in the United States District Court for the Western District of Texas.

This was in violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(2).[1]

---

[1] The Court notes that the Indictment contains a typographical error as it states that Defendant was removed on or about June 23, 1995, and then states "Defendant's removal was subsequent to a conviction for an aggravated felony offense, to wit: On or about June 20, 2000, Daniel Sanchez-Montiel was convicted of illegal re-entry after deportation and false claim of citizenship, in the United States District Court for the Western District of Texas."

This Court is aware that Defendant could not have been removed on June 23, 1995, after being found of an illegal re-entry on June 20, 2000.

The Court consulted the Rule 11 letter (Docket No. 17) available to the U.S. Magistrate at the time of the plea hearing which states:

> Records check revealed that the defendant had previously been deported from the United states on two separate occasions and was previously convicted in the Superior Court of California, County of Kern, for Possession of Cocaine; and in the U.S. District Court of Texas, Western District for Illegal Re-entry and False Claim to U.S. Citizenship.

This Court further listened to the FTR Gold recording of the plea hearing held on March 11, 2010, and is satisfied that Chief U.S. Magistrate Zoss established a factual basis for the
(continued...)

On March 11, 2010, defendant Daniel Sanchez-Montiel appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the Indictment. On the same date, Chief United States Magistrate Judge Zoss filed a Report and Recommendation (Docket No. 20, 03/11/2010) in which he recommends that defendant Daniel Sanchez-Montiel's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The Court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant Daniel Sanchez-Montiel's plea in this case.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

---

[1](...continued)
plea, even though no party addressed the apparent typographical error contained in the Indictment, and the Defendant acknowledged that he had been twice removed from the United States and was guilty of the instant offense.

> A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the Court upon review of Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 20), and accepts defendant's plea of guilty in this case to Count 1 of the Indictment filed on December 16,

4

2009 (Docket No. 2).

**IT IS FURTHER HEREBY ORDERED** that the sentencing hearing for Defendant Daniel Sanchez-Montiel shall take place before this Court on **Wednesday, June 23, 2010, at 1:30 p.m.**

**IT IS SO ORDERED** this 18th day of May, 2010.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa